1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10

11    SAMUEL LOVE,                              Case No. 2:22-cv-02878-FLA (GJS)

12              Plaintiff,
                                                **ORDER DISMISSING ACTION**
13          v.

14    MARK G. STAINBROOK, et al.,

15              Defendants.

16

17

18          On April 29, 2022, Plaintiff filed a complaint, which bore the title of "Rape

19   and Physical Injury Lawsuit for Injunctive and Equittable [*sic*] Relief, Monetary

20   Damages, and Punitive Damages."  Dkt. 1 ("Complaint").  Plaintiff sues 23

21   Defendants, who are listed in the Complaint as:  Mark G. Stainbrook; Huma

22   Ahmed; Karen S. Lynch; "The Four Policy Officers From The Beverly Hills Police

23   Station"; CVS Manager "'Venus'"; Eric Garcetti, Mayor of Los Angeles; Gavin

24   Newsom, Governor of California; Rob Bonta, Attorney General for California;

25   Rochelle Walensky, Director of the Centers for Disease Control and Prevention;

26   Dave North; Matthew Walton; John E. Chaquica; Carla Smith; the Beverly Hills

27   Police Station; the City of Beverly Hills; the City of Los Angeles; the State Of

28   California; CVS Health; Garfield Beach CVS LLC; the Centers for Disease Control

1   And Prevention ("CDC"); the Superior Court of California (County of Los

2   Angeles); "Sedgwick"; and George Hills Company, Inc.

3         On May 13, 2022, United States Magistrate Judge Gail J. Standish issued an

4   Order To Show Cause Re: Possible Dismissal in this case.  Dkt. 5  ("OSC").  The

5   OSC described the Complaint's allegations and causes of action and explained why

6   it appeared that neither diversity jurisdiction nor federal question jurisdiction exists.[1]

7   *See generally id.*  Magistrate Judge Standish ordered Plaintiff to show cause why

8   this action should not be dismissed for lack of jurisdiction and to file a response

9   establishing "what basis for federal jurisdiction, if any, exists." *Id.* at 18.

10         On May 31, 2022, Plaintiff filed a Response to the OSC.  Dkt. 10

11   ("Response").  The court has reviewed both the Response and the Complaint.[2]  The

12   court agrees with Magistrate Judge Standish that jurisdiction is lacking and that

13   dismissal, therefore, is required, for the following reasons.

14         In his Response, Plaintiff makes clear diversity jurisdiction is the purported

15   basis for the court's jurisdiction over this action.  Under the diversity jurisdiction

16   statute, 28 U.S.C. § 1332(a), when no foreign parties are involved, federal diversity

17   jurisdiction does not exist unless all parties to the action are "citizens of different

18   States."  For a natural person, citizenship means that he is both a United States

19   citizen and a domiciliary of a particular state.  *Kantor v. Wellesley Galleries, Ltd.*,

20   704 F.2d 1088, 1090 (9th Cir. 1983).  A person is a "citizen" of the State in which

21   he is domiciled, which is determined at the time the lawsuit is filed.  *Id.*; *see also*

22   *Grupo Dataflex v. Atlas Global Group*, 541 U.S. 567, 570-71 (2004).

23

---

24   [1] The court incorporates herein the substance of the OSC.

25   [2] Plaintiff's Response includes several ad hominem attacks on Magistrate Judge
Standish.  The court notes the Magistrate Judge is "a judicial officer of the district

26   court" and is therefore "entitled to courtesy and respect." *N.M. ex rel. State Eng'r*,
Case No. 66-cv-06639-MV-LCS-ACE, 2003 U.S. Dist. LEXIS 30670, at *31

27   (D.N.M. June 30, 2003).  Though the court could impose sanctions for failure to
comply with Fed. R. Civ. P. 11(b)(1), the court exercises its discretion to reach the

28   merits of Plaintiff's claims.

1    Plaintiff's Response to the OSC correctly notes that he did file a civil cover

2    sheet, contrary to the OSC's statement otherwise.  *See* Attachment to Complaint.  In

3    the civil cover sheet, Plaintiff states that the basis for the court's jurisdiction is

4    diversity alone, that he is a "foreign nation," and that the Defendants are citizens of

5    this state and of another state or are incorporated or have their principal place of

6    business in this state or in another state.  *Id.*  The Response to the OSC asserts

7    Plaintiff cannot be deemed to be a resident of any city or state, because, inter alia, he

8    "is standing in the Kingdom of Heaven with the Lord Jesus Christ."  Response 2.  At

9    the time he filed the Complaint, however, Plaintiff listed an address in Beverly Hills,

10    California as his address of record, and alleged that at the time of the October 16,

11    2021 incident that is the basis for the Complaint, he was in Beverly Hills and

12    "walking to go back to his home."  Complaint ¶¶ 1-2.

13    From the allegations in the Complaint, it appears Plaintiff is a citizen of

14    California for diversity purposes, and diversity jurisdiction, therefore, does not exist

15    if any of the Defendants are also citizens of California.  In his Response, Plaintiff

16    asserts that "[a]ll Defendants are in Beverly Hills, Los Angeles, California, the

17    United States and/or have a place of business or do commerce in Beverly Hills, Los

18    Angeles and/or California."  Response at 2.  The court has no doubt that many of the

19    23 Defendants are California residents as Plaintiff alleges, such as the numerous

20    individual Defendants affiliated with the Beverly Hills Police Department,

21    Defendant "Venus" (alleged to manage a Beverly Hills CVS Pharmacy), Defendant

22    Los Angeles Mayor Eric Garcetti, Defendant California Governor Gavin Newsom,

23    and Defendant California Attorney General Rob Bonta.  Thus, diversity jurisdiction

24    does not exist here.

25    Moreover, diversity jurisdiction is lacking as to Defendant State of California

26    and Defendants CDC and its Director (Rochelle Walensky).  Diversity jurisdiction

27    cannot exist as to suits filed against the United States and its departments and

28    agencies, because they are not "citizens" of a state.  *See Commercial Unions Ins.*

3

1   *Co. v. U.S.*, 999 F.2d 581, 584 (D.C. Cir. 1993).  The same is true as to a federal

2   officer sued in his or her official capacity.  *See, e.g.*, *Whittaker v. Court Services &*

3   *Offender Supervision Agency*, 401 F. Supp. 170, 178-79 (D.C. 2019); *Ajay Nutrition*

4   *Foods, Inc. v. FDA*, 378 F. Supp. 210, 215 n.14 (D. N.J. 1974).  Plaintiff's

5   allegations against CDC Director Walensky are based exclusively on acts she is

6   alleged to have taken in her official capacity.  The State of California also is not a

7   "citizen" and therefore cannot be sued pursuant to diversity jurisdiction.  *Moor v.*

8   *County of Alameda*, 411 U.S. 693, 717 (1973); *Urbino v. Orkin Services of*

9   *California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013).

10          In addition, Plaintiff has not shown that federal question jurisdiction exists as

11   noted in the OSC.  As Magistrate Judge Standish explained in the OSC, the

12   Complaint's asserted violations of the Prison Rape Elimination Act (34 U.S.C.

13   § 30301 *et seq.*), federal criminal law provisions, federal human trafficking laws and

14   provisions, international terrorism laws and provisions, and state and canon law do

15   not give rise to federal question jurisdiction here, because none of these provisions

16   apply to the subject matter of the Complaint or give rise to private and civil rights of

17   action.

18          As the OSC advised Plaintiff:

19          "Federal courts are always 'under an independent
            obligation to examine their own jurisdiction,' *FW/PBS,*

20          *Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596,
            107 L.Ed.2d 603 (1990), and a federal court may not

21          entertain an action over which it has no jurisdiction.  *See*
            *Insurance Corp. of Ireland, Ltd. v. Compagnie des*

22          *Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099,
            72 L.Ed.2d 492 (1982); *see also Magana v.*

23          *Commonwealth of N. Mariana Islands*, 107 F.3d 1436,
            1443 (9th Cir. 1997)."  *Hernandez v. Campbell*, 204 F.3d

24          861, 865 (9th Cir. 2000).  A federal court may dismiss an
            action sua sponte for lack of jurisdiction.  *Franklin v.*

25          *State of Or., State Welfare Division*, 662 F.2d 1337, 1342
            (9th Cir. 1981).

26

27

28

4

1     OSC at 8.  In addition, the OSC advised Plaintiff that, in his Response, he must

2     explain what basis for federal jurisdiction exists.  OSC at 18.  He has failed to do so.

3     / / /

4     / / /

5     / / /

6          For the reasons set forth herein and in the OSC, federal jurisdiction is absent.

7     Thus, the action is DISMISSED for lack of jurisdiction.

8

9          IT IS SO ORDERED.

10

11    Dated:  June 22, 2022

12                                    _____

13                                    FERNANDO L. AENLLE-ROCHA
                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28